514

WILLIAM H. PAYTON, JR., et ux. v. E. NEWSOM
RICHARDSON et ux.—356 S. W. (2d) 289.

Middle Section. December 1, 1961.

Petition for Certiorari Denied by Supreme Court, April 4, 1962.

Reau E. Folk, Jr., Nashville, for complainants.

Elvin Woodroof, Nashville, for appellees.

## I.

SHRIVER, J. This case involves plaintiffs' use of a roadway across defendants' property. The bill alleges that defendants obstructed a public road that crossed their property and prayed for an injunction to restrain them from further obstructing it and for general relief.

The cause was heard on oral proof before the Chancellor on July 11, 1961, and resulted in a decree sustaining the bill and enjoining the defendants from further obstructing the road in question.

The bill also alleges that the complainants are the owners of certain property situated on what is called "The Old Post Road" in Davidson County, which road extends Southward beyond complainants property and through the property of defendants and which constitutes the only means of ingress and egress to the property of complainants.

It is further alleged that the said Old Post Road for a number of years before defendants closed it had been used by the public as a roadway; that it had been the common practice of people in the community to use it; and that such practice existed when complainants bought

their property and that they used said road to enter and leave their place.

It is alleged that, in spite of the existence of this road as a public highway, the defendants had erected a fence across same and are further obstructing it with rocks, logs and other material which completely bar the complainants and others from the use of said road.

The answer states that, while it is agreed that the only means of ingress and egress of the complainants is over this Old Post Road, said road runs from the complainants' property in a northerly direction to Marrowbone Creek Road, which is a regular County Highway, but does not extend southwardly across the lands of the defendants.

Defendants further state in their answer that they are advised that many years ago a mail route ran through the property now owned by them but that this was not considered a public highway and that, during the seven years that they have known the place, they have no knowledge of anyone using this as a road except for a short time a few years ago when they allowed some people to use it for the purpose of removing timber from adjacent property. They further assert that they are not obstructing the roadway except with fences which have been there for a number of years. They deny that the road is a public way or that it had ever been dedicated as such or that there is any reservation of this road in any of the prior deeds.

## II

### Assignments of Error

The three assignments of error simply assert that the Court erred in sustaining the bill and in decreeing that

the complainants had a right to use the property in question as a public road.

## III

The complainant and his wife testified that they had driven a car on this old road at or near the time they bought their property but that now it has washed badly and will need considerable repairs to make it passable for automobiles.

The witness Ralph Lambert testified that he was a surveyor and had surveyed this property in June 1954 and again in 1958 and revised his plat in January 1959 and that during all this time there was evidence of an old road across the property now owned by the defendants and that, although the map that he made in 1954 did not show the road, it was made by an assistant and that there was a road there and that he had, on some occasions, seen some vehicles travel this road. His survey of December 1958, revised in January 1959, shows the road in existence.

The witness Lambert produced a photostat of an aerial photograph made April 3, 1948 by the Army Map Service, exhibit #3 to the complainants proof, and this picture shows the road all the way from Bull Run Road to Little Marrowbone Creek Road.

Mr. William H. Mercer, the real estate man who showed the property to the complainants in January 1960, said that there was no obstruction at that time across the road in question and that you could get over the road in a car.

Mr. Stevens who sold the property to the complainants stated that there was an old mail route road that he had

always used, which is the road in question, and that he had been familiar with it for about eight or nine years.

Mrs. Stevens testified to the same effect and that the road in question had been used from time to time by various people.

To like effect is the testimony of Mr. Jess Copland and his wife.

Mr. John Gallaher testified that he had carried mail over the old mail route road for some years prior to August 1, 1920 having gone over this road for some fifteen or eighteen years.

Mr. Eddie Adcock testified that he had known the road for about forty years and that it was a public road for everybody and that he knew of no obstructions across it.

To the same effect was the testimony of Mr. J. B. Dozier who had known the road for thirty-five or forty years.

Johnny Merritt stated that he lived on Marrowbone Creek right at the Old Mail Route Road and had known about it for about twenty-two years; that he had traveled it many times and considered it a public road.

Rufus Gallaher testified that he is 78 years old and had been familiar with the Old Mail Route Road from Bull Run to Little Marrowbone Creek Road practically all his life and that it was a public road that he had helped build.

J. L. Langford had known the road for about 17 years and knew it as a public road in the community.

Thomas Nickens, 68 years old, stated that he had known this road since World War I and that he had helped work it.

Sam Barnes testified that he and his father had helped build this Old Mail Route Road many years before and that it was a public road when he knew it.

Irving Nickens testified that he was familiar with the old road and used to travel it in going to school and that it was a public road up until about a year or two ago when it was fenced off by defendants.

To the same effect is the testimony of Mrs. Nickens.

A number of witnesses were called by the defendant who, along with his wife, testified before the Chancellor, but it may be said that, in large measure, the testimony of these witnesses was negative and was not sufficient to overcome the positive testimony of the witnesses for complainant.

We agree with the Chancellor that the evidence preponderates in favor of the complainants on this issue of fact.

## IV

█ The dedication of a street or a roadway is a question of intention and may be either express or implied and may be shown by the conduct of the owners, and it is not necessary to prove formal overt acts in showing such dedication.

Also the acceptance of a road dedicated to public use may be shown either by means of a formal act on the part of public authorities or by long continued and adverse use, and such dedication may be established by acts in

pais, no formality being required to complete the dedication. And it is not affected by the statute of frauds and may be made either with or without writing, and by any act of the owner which will show a clear intention to dedicate it.

█ As was said in Johnson City v. Wolfe, 103 Tenn. 277, 52 S. W. 991, the owner of land will be held to have irrevocably dedicated it to public use notwithstanding an undisclosed intent to the contrary, where his acts and conduct have been such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and where it was received and acted upon by the public for such length of time that the public accommodation and private rights would be materially affected by a denial or interruption of the enjoyment of the easement.

█ It was also said in Johnson City v. Wolfe, supra, that the use of property by the public for twenty years or any other specific time is not essential to the creation of an implied easement therein. The manner of its use is more material than the length of time the use has continued.

In Nashville Trust Co. v. Evans, 30 Tenn. App. 415, 206 S. W. (2d) 911, it was pointed out that in order to result in a dedication there must have been an intention on the part of those so dedicating it to the public. Citing Worth v. Dawson, 1 Sneed 59.

The Court in said opinion (Nashville Trust Co. v. Evans), quoting from McKinney v. Duncan, 121 Tenn. 265, 118 S. W. 683, pointed out that dedication of an easement for public use might be express, as where appropri-

ation is formally declared, or by implication arising by operation of law from the conduct of the owner and the facts and circumstances of the case, and that dedication is a question of intention, but that the intent must be clearly and satisfactorily proven.

In McCord v. Hays, 202 Tenn. 46, 302 S. W. (2d) 331, the Supreme Court speaking through Mr. Chief Justice Neil, in discussing a question similar to the one involved in the case at bar, stated that in said case it must be conceded that there was no evidence of an express dedication by the owner, Mrs. Dunlap, or any prior owner in her chain of title, and that the complainant made no contention of an express dedication, however, the complainant did insist in said case that the preponderance of the evidence clearly showed an implied dedication. The Court then went on to say (P. 53, at page 334 of 302 S. W. (2d);

"We hold that the evidence is clear, convincing and unequivocal that the alley was open to public use. There are no records whatever to establish Mrs. Dunlap's ownership, and the evidence of nonuser and nonacceptance by the public is overcome by the weight of the evidence.

"It is settled law in this State that dedication of a street may be shown by conduct of the owner, and it is not necessary to prove formal overt acts. Nashville Trust Co. v. Evans, supra, and Raht v. Southern Ry., [Tenn. Ch. App., 50 S. W. 72], supra."

Further in said opinion the Court quoted with approval from 16 Am. Jur., Sec. 45, p. 392, as follows;

"Dedication may arise from the failure of the owner to object to user by the public. A highway

may be established in this manner. In such a case there is said to be an inference or presumption that such use and enjoyment had a legal origin, and that the highway was at some anterior period laid out and established by competent authority.

For the reasons hereinabove stated the assignments of error are overruled and the judgment of the Chancellor is affirmed.

Humphreys, J., concurs.

Crownover, Special Judge, not participating.

Affirmed.