Edwin McDAVID and Robert McDavid, Plaintiffs-Appellants,

v.

Bennie Joe McGUIRE and Carolyn McGuire, Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

May 7, 1973.

Certiorari Denied by Supreme Court Nov. 5, 1973.

Fenner Heathcock, Randall Burcham, Union City, for plaintiffs-appellants.

Paul G. Hudgins, Union City, for defendants-appellees.

CARNEY, Presiding Judge.

Plaintiffs-appellants Edwin McDavid and son, Robert McDavid, have appealed from a judgment of the Circuit Court of Obion County dismissing their suit for mandatory injunction and allied relief. Plaintiffs-appellants had brought suit seeking an injunction against the defendants, Bennie Joe McGuire and wife, Carolyn McGuire, requiring them to remove a fence which they had constructed along the west side of property of the Fairview Baptist Church. The fence was constructed with the approval of and for the benefit of the members of the Fair-view Baptist Church for the express purpose of preventing plaintiffs and their tenants from using a short roadway or cut-off across the Church property. The cut-off was approximately 20 feet wide and 25 feet long and connected the old Elbridge-Cloverdale Road on which Robert McDavid lived with the Obion-Cloverdale Road on which a considerable portion of plaintiff Edwin McDavid's farm was located. The old Elbridge-Cloverdale Road is used by only a few persons since a bridge washed out many years ago. There is no through traffic to Elbridge.

Plaintiffs, their tenants, members of the church, and the public generally, including school bus drivers, had used this cut-off continuously for over 20 years prior to the erection of the fence. The cut-off was graveled by the county at some unknown date in the past. The dispute arose when members of the McDavid family began making new cut-offs across the Church property north of the established cut-off killing the grass and making unsightly ruts in the Church yard or parking lot.

The Obion-Cloverdale Road merges with the old Elbridge-Cloverdale Road in a curving line leaving a sharp and narrow point between the two roads approximately 45 feet below the south margin of the cut-off. Because of the acuteness of the angle at which the roads merge, it is cumbersome for plaintiffs' trucks, farm trailers, and farm equipment traveling south on the Obion-Cloverdale Road to make a sharp turn to the right in an angle which looks from the maps to be about 155° to go north on the old Elbridge Road to plaintiffs' farm.

The small area between the two roads south of the cut-off tapers from 25 feet on the north to zero feet on the south within a distance of 45 feet. It is in grass and kept mowed by the Church but is too small for a parking lot. The property north of the cut-off lying between the two roads is used by the Church for a parking lot. The north boundary of the parking lot is about 100 feet long being the center line of the old

Obion-Cloverdale Road. The west line of the parking lot is the east margin of the old Elbridge-Cloverdale Road and is approximately 55 feet long. The south line of the parking lot is the north margin of the disputed cut-off and is about 25 feet long. The east margin of the parking lot is the west margin of the present Obion-Cloverdale Road.

All three parcels comprise less than one-fourth acre and were given to the Fairview Baptist Church by Mrs. Lessie Webb, a predecessor in title to the defendants, Bennie Joe McGuire and wife, Carolyn McGuire, more than 20 years prior to the erection of the fence.

Mrs. Webb never executed a deed to the one-fourth acre. When Mrs. Webb sold her 36-acre farm the one-fourth acre was not excluded from her deed to Larry McGuire and wife on September 15, 1958, though the Church was in full and exclusive possession of the one-fourth acre less the cut-off. In 1958 the Church was in full possession of the property and using the same and the plaintiffs, their tenants, the Church members, and the public were using the cut-off. In September, 1970, Larry McGuire sold a 1½ acre lot out of the northwest corner of the 36-acre Webb land to his son, Bennie Joe McGuire, and wife for a home. The deed to Bennie Joe and Carolyn McGuire did not exclude the Church parking lot and the disputed cut-off. Therefore, at the time of the trial Bennie Joe McGuire and wife, Carolyn McGuire, were the owners of the record title to the one-fourth acre parking lot and roadway though they had never had possession of any part of the one-fourth acre lot.

The plaintiffs sought damages and also sought as alternative relief to condemn the cut-off as an easement of necessity under T. C. A. Sections 54–1901 through 54–1917. The Trial Judge directed a verdict against the plaintiffs as to damages and the jury found that plaintiffs had an adequate and convenient outlet to the public road in answer to a special inquiry submitted to them by the Trial Judge. There was evidence to support the finding of the jury that the plaintiffs do have adequate access to the public road and we do not notice the question of easement by necessity further. Also we affirm the action of the Trial Judge in directing a verdict as to damages.

The principal question to be decided on this appeal is whether or not the plaintiffs have a prescriptive right to use the cut-off.

The jury answered "No" to the following question submitted to it by His Honor the Trial Judge:

"(2) Have the Plaintiffs, Edwin McDavid and his tenants and employees acquired the right of use by prescription over the property alleged to be owned by the Defendants, Bennie Joe McGuire and Carolyn McGuire, since the Obion-Cloverdale Road has been improved, graveled, and the corner rounded to its present condition?"

A more detailed statement of the facts leading up to the litigation is necessary:

Plaintiff Edwin McDavid has owned a tract of 150 acres in Obion County, Tennessee, since 1937. His son, Robert McDavid, is now the principal tenant and operator of the farm. Said farm, at the time of its purchase in 1937 and for many years prior thereto, was bounded on the west by what is now the old Elbridge-Cloverdale Road which was and is used by the plaintiff and his tenants as the principal means of egress and ingress to the home site on the farm. The farm was also bounded for a considerable distance on the south by the Obion-Cloverdale Road.

In 1937 the Obion-Cloverdale Road ran westward from Obion along the south boundary line of the McDavid Farm, thence along the south boundary line of a tract of land owned by Marshall and finally, along the south boundary of the Fairview Baptist Church lot and intersected the old Cloverdale-Elbridge Road at the southwest corner of the Fairview Baptist Church property. This was a "T" intersection. Persons traveling to Elbridge from Obion would go west

to the "T" intersection, turn right and north past the west side of the Baptist Church property, past the west side of the Marshall property and then on past the west side of McDavid's property to Elbridge.

A person going to Cloverdale from Obion would enter the same "T" intersection but turn left or south on the old Elbridge-Cloverdale Road to go to Cloverdale. In 1937 when McDavid bought his 150-acre tract, the "T" intersection was also the northwest corner of a 36-acre tract of land then owned by one Witherington who is a predecessor in title to the defendants, Bennie Joe McGuire and wife. Witherington's north boundary line was the center line of the Obion-Cloverdale Road just as the center line was the south line of the Baptist Church property.

Sometime between 1939 and 1941 the Highway Department of Obion County graveled and improved the Obion-Cloverdale Road. The right angle "T" intersection mentioned above was by-passed by a broad curve in the road to the south which curve merged into the Elbridge-Cloverdale Road at an angle of about 25° instead of 90° as formerly. The new intersection was approximately 100 feet south of the old "T" intersection. However, the old "T" intersection was not closed by the Obion County Highway Department nor the Obion County Court. It was closed by agreement of the Fairview Baptist Church and the plaintiff, Edwin McDavid, some two or three years later as hereinafter set out when Mrs. Webb made a gift of the one-fourth acre tract to the Fairview Baptist Church. Until the closing of the intersection by agreement, persons attending the Fairview Baptist Church, persons going to Elbridge and to plaintiffs' home site from Obion continued to use the old "T" intersection as formerly.

The plaintiff McDavid and his tenants, in going to the southeast corner of his farm and in going to Obion and to other places east of his farm continued to travel southwardly along what later became the old Elbridge-Cloverdale Road to the "T" inter-section; to turn left and thence east along the old Obion Road about 100 feet until they reached the newly graveled portion of the Cloverdale-Obion Road.

Sometime in the early 1940's a bridge on the Cloverdale-Elbridge Road washed out and the County Highway Department never replaced this bridge. Thereafter, traffic northward along the Elbridge Road diminished and Mr. McDavid and his tenants became the principal users of the old Elbridge Road along with members of the Baptist Church.

The newly located curve in the Obion-Cloverdale Road cut off the northwest corner of a 36-acre tract of land owned by Witherington. This triangular shaped tract of land containing less than one-fourth acre was bounded for about 100 feet on the north by the center of the old Obion-Cloverdale Road; about 125 feet on the west by what was later to become the old Elbridge Road; and on the east by the curving line of the newly located Obion-Cloverdale Road forming the hypotenuse of the triangle.

Witherington, the owner of the small triangle apparently abandoned the lot after the new road was built. He made no effort to farm it, probably because of its small size and location. The lot grew up in bushes and locust sprouts. In March, 1942, Mrs. Lessie Webb, who was a witness in the case and is now past 80 years of age and who had been reared in the community and was a member of Fairview Baptist Church in her young days, purchased Witherington's 36-acre tract of land by deed which did not exclude the one-fourth acre tract of land cut off by the new road.

Mrs. Webb gave the one-fourth acre to the church for a parking lot. The one-fourth acre was at that time cut off from the Church lot by the "T" intersection which was being used as a public road by plaintiffs and others. The roadbed was of a little lower level by virtue of many years use. The officials of the Church and Mr. McDavid agreed that the Church would fill

in the old roadbed of the "T" intersection, make it a part of the Church lot, clean off the one-fourth acre lot given to the Church by Mrs. Webb and make a new shorter road across the one-fourth acre some 50 feet south of the old road. Thus was established the cut-off involved in this litigation.

The new cut-off was only 25 feet in length whereas the old intersection was approximately 100 feet in length. The members of the Church cleaned off the one-fourth acre and gave the locust posts cut therefrom to Mrs. Webb for her farm. The new cut-off became the regularly traveled roadway for the plaintiffs, their tenants, members of the church, and the traveling public in going from the Obion-Cloverdale Road to the Elbridge Road. The proof does not show just when the county graveled the cut-off. The old "T" intersection ceased to be used as a roadway though no authority for the substitution of the new cut-off for the old intersection is to be found on the records of the Obion County Highway Department nor Obion County Court.

On September 15, 1958, Larry McGuire, father of the defendant, Bennie Joe McGuire, purchased the 36-acre farm from Mrs. Lessie Webb. McGuire's deed contained the same calls and description as Mrs. Lessie Webb's deed and did not exclude the one-fourth acre triangle given by Mrs. Webb to the Church. The purchaser, Larry McGuire, was thoroughly familiar with the use of the new roadway by the plaintiffs and the public and the possession of the parking lot by the Baptist Church. At no time did Larry McGuire ever make any objection to the use of the lot and the roadway by anyone nor did anyone ask his permission to continue the use of said parking lot and roadway.

On September 11, 1970, Larry McGuire conveyed to his son, Bennie Joe McGuire, and wife, Carolyn McGuire, approximately 1½ acres carved out of the northwest corner of the original 36-acre Witherington-Webb-McGuire tract of land above described. The deed made no reference to the newly located Obion-Cloverdale Road, no reference to the cut-off and no reference to the triangular piece of land then being used and occupied by the Baptist Church. The calls of the 1½ acres did include the one-fourth acre of land given by Mrs. Webb to the Church. The defendants, Bennie Joe McGuire and wife, Carolyn, were fully cognizant of the possession of the one-fourth acre parking lot by the Church and the use of the cut-off road by the plaintiffs, members of the Church, and the public.

Sometime during the summer of 1971 members of the Church became concerned because persons unknown to them were driving across the parking lot north of the graveled cut-off making unsightly tracks and ruts in the parking lot and killing the grass. These new tracks were up near the site of the original roadbed of the Cloverdale-Obion Road at the "T" intersection which had been filled in by the Church nearly 30 years previously. Larry McGuire, his son, Bennie Joe McGuire, and other Church members decided that members of the McDavid family were probably the ones who were guilty of cutting across the parking lot. A group called on Mr. Robert McDavid requesting him to cease and desist or to get the members of his family to cease and desist. Mr. McDavid agreed to do all that he could to see that the practice stopped. However, the crossing outside the regular cut-off continued.

Within a very few weeks the defendant, Bennie Joe McGuire, and his father, Larry McGuire, with the full knowledge and cooperation of members of the Church, put up a small fence along the entire length of the west side of the Church property including the one-fourth acre triangular plot preventing both the plaintiffs and the public from using the 25-foot cut-off between the two roads. About a month later on December 11, 1971, the plaintiffs filed their suit in this case.

The proof in this case is uncontradicted that the plaintiffs, the public, including members of the Fairview Baptist Church, have all used the cut-off in question as a

roadway more than 20 years and for almost 30 years without ever having asked permission, expressly or impliedly, from anyone. Plaintiff Edwin McDavid testified that when he first started using the cut-off he thought the county had gotten title to the new roadway; that sometime thereafter the county graveled the roadway but that he was unable to find any record thereof in the office of the County Highway Department or the County Court.

An oral gift of real estate in Tennessee is not void but voidable and if accompanied by adverse possession, the statute of limitations begins to run against the parol donor. *Mercy v. Miller,* 25 Tenn.App. 621, 166 S.W.2d 628; *McDonald v. Stone,* 45 Tenn.App. 172, 321 S.W.2d 845. Thus, it would appear that the deeds of Larry McGuire in 1958 and Bennie Joe McGuire and wife in 1970 were champertous as to the one-fourth acre parking lot and roadway and that the Church by 20 years' continuous open adverse possession under the oral gift from Mrs. Webb had a fee simple title to the parking lot subject only to the easement of the cut-off for roadway being used by plaintiffs and the public.

At the time the old roadbed was closed by the Baptist Church the plaintiffs and the public had a legal right to travel the same because it had never been formally closed as a public roadway by the county in accordance with the statute. *Elkins v. State,* 21 Tenn. 542; *Blake v. Skelton,* 5 Tenn.App. 539. See also *Paschal v. Valentine,* 45 Tenn.App. 131, 321 S.W.2d 568, for rights of abutting owners in roadways closed in accordance with the law.

Plaintiff Edwin McDavid exchanged his legal right to travel the old roadway for a right in himself and other members of the traveling public to use a new and shorter roadway across the lot given to the Church by Mrs. Webb. The act of the Church in filling in the old roadway and creating a new roadway constituted an unequivocal dedication of the new cut-off as a public roadway though express words to that effect were not used. Such dedication was binding upon Mrs. Lessie Webb, the verbal donor of the lot. The dedication was accepted by the public and the roadway has been used as a public roadway for more than 20 years. The defendants, Bennie McGuire and wife, and Larry McGuire, as successors in title to Mrs. Webb, have never had any possession of the lot or roadway in question and therefore, the dedication and acceptance by the public is binding upon them. We hold that the cut-off is now a public roadway and neither the Church nor the defendants have a right to close the same. *Payton v. Richardson,* (1961), 49 Tenn.App. 514, 356 S.W.2d 289; *Johnson City v. Wolfe,* 103 Tenn. 277, 52 S.W. 991.

Therefore, we hold that His Honor the Trial Judge erroneously submitted question No. 2 to the jury and should have ordered the defendants to remove that portion of the fence which prevents the plaintiffs and the public from use of the "cut-off" roadway described in the pleadings.

It is interesting to observe that even though the jury found adversely to the plaintiffs on the questions mentioned above the foreman, on behalf of the jury, "recommended" that the defendants should remove the fence and let the public use the road.

The judgment of the lower Court is respectfully reversed and the cause is remanded to the lower Court for entry of a decree requiring the defendants to remove a portion of the fence in accordance with this opinion and for the enforcement of such decree. The defendants are taxed with the costs in the Court below and on this appeal.

MATHERNE and NEARN, JJ., concur.