**Frank VARALLO and wife, Eva Reale Varallo, Plaintiffs-Appellees,**

v.

**METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section.

July 27, 1973.

Certiorari Denied by Supreme Court Dec. 3, 1973.

Stephen North, Douglas M. Fisher, Howell & Fisher, Nashville, for plaintiffs-appellees.

Peter H. Curry and Thos. S. Nelms, III, Dept. of Law, Metropolitan Government of Nashville and Davidson County, Nashville, for defendant-appellant.

## OPINION

SHRIVER, Presiding Judge.

This is an inverse condemnation case which was filed in the Circuit Court of Davidson County by the landowners, Frank and Eva Reale Varallo, against the Metropolitan Government of Nashville and Davidson County. The suit resulted from the improvement of Craighead Street, sometimes referred to as Craighead Avenue, an old two-lane street with drainage ditches on either side which was extended to a four-lane thoroughfare with storm sewers.

Defendant-appellant claimed an existing dedicated sixty foot right-of-way and, in addition, condemned a narrow strip varying from two to three feet in width, across

the front of the Varallo property, which strip of land and its value is not involved in the instant case. Plaintiffs-appellees (hereinafter referred to as plaintiffs) claimed that the right-of-way which existed prior to the widening was merely a prescriptive right-of-way consisting of that portion of the road which was covered with blacktop, and that the widening resulted in taking a strip of the Varallo property twenty-four feet in width in addition to the narrow strip above referred to which was condemned by Metro.

The landowners, therefore, filed this inverse condemnation suit claiming that the additional taking rendered their food processing plant inoperable due to the fact that delivery trucks could no longer load and unload at the front door without obstructing traffic on Craighead Street.

The case was heard before Judge Joe C. Loser, Jr., without the intervention of a jury, on oral and documentary evidence and resulted in a judgment in favor of the landowners in the amount of $21,000.00. From this judgment the defendant, Metro Government, appealed and has assigned error.

## THE PLEADINGS

The original complaint, filed on July 28, 1971, asserts that plaintiffs are owners of certain real estate in Nashville, Davidson County, Tennessee fronting seventy-five feet on the southerly margin of Craighead Street and running back between parallel lines two hundred and sixty-five feet to a dead line; that they operated a food processing plant on this property and, in connection with said operation, they had paved the front portion of the property leading up to their food processing building and had continuously, openly and notoriously used the paved portion at the front of the property since on or about August 7, 1947, at which time they purchased it.

It is averred that on or about November 4, 1970, the defendant, which has the power of eminent domain, appropriated to its use for the purpose of widening Craighead Street a part of the property of plaintiffs comprising a strip twenty-four feet wide across the front of their property and containing eighteen hundred square feet. This taking was subsequent to the condemnation by Metro of the small strip above mentioned across the front of said property.

It is averred that the taking of the aforesaid eighteen hundred square feet has very nearly destroyed the usability of the improvements on same for which they were built, has rendered a restaurant building on the premises of little or no value, has substantially impaired their ingress and egress, and has destroyed nearly all of the off-street parking area; wherefore, plaintiffs demand judgment against the defendant for $50,000.00.

On motion of the defendant for a more definite statement, an order was entered amending the original complaint by adding the following language:

"The plaintiffs own the said land by virtue of their deed thereto and also by virtue of their open, notorious and adverse possession of the said land since its purchase on August 7, 1947. The northerly margin of said property is the edge of the pavement of Craighead Avenue as it existed prior to the beginning of the said road-widening project."

Defendant's answer denies the material allegations of the complaint and for grounds of defense avers that plaintiffs' deed specifically describes a rectangular tract of land seventy-five feet in width and two hundred and sixty-five feet in depth which encompasses the total amount described therein and now owned by plaintiffs, except for the narrow strip acquired by eminent domain proceedings hereinabove mentioned.

It is averred that plaintiffs are estopped to claim ownership of land not described in their deed and that the description and the recorded plats or maps referred to in said

deed conclusively show that the property in question did not belong to them but is a part of the public way known as Craighead Street. It is further averred that the right-of-way of Craighead Street was dedicated to the public prior to the plaintiffs' acquisition of their property in 1947.

It is averred that plaintiffs have not acquired the subject property by adverse possession and that such use as they made of the land adjacent to the road and not included in their deed was permissive and not adverse.

By motion, defendant's answer was amended as follows:

"Municipal property cannot be acquired by adverse possession."

Certain stipulations were entered into by the parties to the effect:

1. That Exhibit No. 1 to the complaint accurately reflects the distances therein.

2. That the drawing entitled "Plan showing Frank Varallo property" accurately reflects the distances and property lines contained therein.

3. The deeds and plats submitted are true copies of the originals filed in the Register's Office of Davidson County.

4. That Davidson County has in the past constructed the following improvements within the alleged sixty foot right-of-way of Craighead Street in the vicinity of the Varallo property:

(a) A fifteen (15″) inch sanitary sewer passing in front of the Varallo property 10 feet south of the northern margin of said 60 foot right-of-way. The same was constructed in 1929.

(b) A four (4″) inch water main extending 1165 feet approaching the Varallo property from the west extending approximately 100 feet from the west line of Varallo. The same was constructed in 1938.

(c) A ten (10″) inch water main extending 1735 feet passing in front of the Varallo property 23 feet north of the south margin of the 60 foot right-of-way, and constructed in 1948.

(d) A ten (10″) inch water main extending 1691 feet approaching the Varallo property from the west, connecting with the main referred to in Paragraph (c), and constructed in 1966.

(e) A fire hydrant placed inside the alleged 60 foot right-of-way across from the Varallo property, constructed in 1961.

## CONTENTIONS OF THE PARTIES

Counsel for plaintiffs in their Brief and Argument make the following assertion:

"Mr. and Mrs. Varallo recognize and concede that Craighead Avenue is a public way by virtue of long use by the public and that an easement by prescription or estoppel exists in favor of the Metropolitan Government as to the land actually used by the public: that is, the paved surface of Craighead Avenue, and that an easement by prescription exists for the 10-inch water main which runs under the Varallo property, and parallel to the road."

It is argued, however, that the evidence in the record shows that the land for which the Varallos claim compensation in this case has never been used as a public way. They argue that the proof is undisputed that this land has been exclusively used and maintained by the Varallos, with the exception of an easement for the 10-inch water main near the edge of the paved surface of Craighead Avenue.

On the other hand, counsel for appellant in his Brief and Argument contends that the evidence, including the stipulations,

conclusively establishes that there had been a prior dedication and acceptance of a sixty foot right-of-way; that said right-of-way had not been abandoned; that the landowners did not acquire adverse rights in the right-of-way and that the landowners' rights to possession did not extend beyond the front property line as recited in the deed. Further, appellant contends that the damages awarded far exceed the damages which a preponderance of the evidence shows the landowners are entitled to, if any.

## ASSIGNMENT OF ERROR

Appellant has a single assignment of error with four subdivisions. Said assignment is as follows:

"The Trial Judge erred in finding that there was a taking of the land in question, in that the preponderance of the evidence clearly establishes that the appellant possessed a valid easement encompassing the land in question for road purposes, there being shown by a preponderance of the evidence to have been:

(a) A dedication to the public of an easement in the land in question for road purposes.

(b) An acceptance of such dedication.

(c) No abandonment of the easement.

(d) No rights vesting in the appellees by adverse possession."

Considering subhead (a) hereinabove, that is, the question of dedication of the land in question for road purposes, it is contended by appellant that there has been a common law dedication of the easement in question, both express and implied.

It is not disputed that Craighead Street is an old thoroughfare which has existed since the turn of the century.

In McCord v. Hays, 202 Tenn. 46, 302 S.W.2d 331, it was said that the dedication of a municipal street is a question of intention, and may be either express or implied, and may be shown by the conduct of the owner. It is said (p. 53, 302 S.W.2d p. 334):

"It is settled law in this State that dedication of a street may be shown by the conduct of the owner, and it is not necessary to prove formal overt acts."

In Mayor, etc. v. Gill, 1 Tenn. Cases (Shannon), it was said that a survey of land by the owner into lots and a sale of lots with reference to such plot will amount to an irrevocable and immediate dedication binding on both vendor and vendee, without any act of acceptance on the part of the public. See also Payton v. Richardson, 49 Tenn.App. 514, 356 S.W.2d 289.

In Long v. Garrison, 1 Tenn.App. 211, it was held:

"The laying out of a road, street or alley upon a plat or plan, and also upon the ground, and the registration of the plat operates as a dedication of it, not only in favor of those who buy from the donor, relying upon the existence of the road, street or alley, but also in favor of all who buy on the general plan of the locality."

The question then arises as to the extent of the dedication or, in other words, how wide was the dedicated street? Looking to the evidence in the record on this question, there are two plats, both of which are recorded in the Register's Office of Davidson County and both of which show Craighead Avenue, and both of which plats include the property in question in this case.

The first of these plats, Exhibit 3(h), is a survey made June 15, 1912 by W. B. Southgate, being a plat of the land bought by W. W. Berry of Susan B. Woods October 10, 1970, and surveyed June 15, 1912.

Exhibit 3(f) is a deed from the heirs of W. W. Berry to Mary Bass, dated November 18, 1912, and in said deed it is recited

that the heirs had the lands of W. W. Berry surveyed by W. B. Southgate into five lots to divide among the heirs, and said deed refers to the plat of this survey recorded in the Register's Office. The first plat, Exhibit 3(h), shows Craighead Avenue and noted within the right-of-way of said street are the words and figures "about 60′ wide", said plat being referred to by book and page number from Berry to Bass and is referred to in the deed, Exhibit 3(e), from Bass to Franklin Limestone Company, and from Franklin Limestone Company to Warren Paint and Color Company, Exhibit 3(c), all of these parties being predecessors in title to the plaintiffs, Varallos.

The second plat, Exhibit 3(i), was recorded in May, 1935, entitled "Property of Franklin Limestone Co." and is also a survey by W. B. Southgate, dated May, 1935, and is referred to as a subdivision of part of the property in question by Franklin Limestone Company in a conveyance dated June, 1935, Exhibit 3(d).

This plat shows Craighead Avenue and within the right-of-way is designated at three separate places 60′. This plat is also referred to by book and page numbers in the deed from Franklin Limestone Company to Warren Paint and Color Company and, again, in the Warren Paint and Color Company's deed to the Varallos, the plaintiffs herein. In addition to this, the plat is also referred to in a deed of trust executed by the Varallos to G. F. Turner, Exhibit 3(a).

In Hudson v. Collier, 48 Tenn.App. 386, 395, 348 S.W.2d 350, 354, the Court quotes with approval from 16 Am.Jur., Dedication, Sec. 23, as follows:

"In the interpretation of maps and plats all doubts as to the intention of the owner are resolved most strongly against him, but the plat should be considered as a whole, and the maker's real intention sought therefrom."

And again (p. 401, 348 S.W.2d p. 356), quoting from Jones on Easements, Sec. 436:

"In the same way a parcel of land designated on a plat as a park, public square, or common, with reference to which lots fronting upon it have been sold, is irrevocably dedicated to public use. There is no difference in the principle applicable to the dedication of public streets and a public square or park. In each case the dedication is to be considered with reference to the use to which the property may be applied or the purpose for which the dedication is made. . . . ."

In 26 C.J.S. Dedication § 23, it is said:

"Where an owner makes a sale of land with reference to a map or plat, in the absence of a manifestation of a contrary intention, he thereby manifests an intention to dedicate the streets and alleys shown thereon to the public use."

As was said in McKinney v. Duncan, 121 Tenn. 265, 118 S.W. 683, dedication is the appropriation of land, or an easement therein, by the owner, for the use of the public, and it may be express where the appropriation is formally declared, or by implication arising by operation of law from the owner's conduct and the facts and circumstances of the case.

One circumstance which should be noted as having to do with the dedication and use of the street in question and the alleged abandonment of a portion thereof, as insisted upon by the plaintiffs, is the fact that, according to the stipulations hereinabove noted, the County constructed sewers, water mains and a fire hydrant within the sixty foot right-of-way on Craighead Street in front of appellees' lot, as well as up and down the street.

We find nowhere in the record evidence to support the contention of plaintiffs that

Craighead Street was not dedicated as a public way sixty feet in width. And the testimony of Mr. Varallo that, "We were of the opinion that we owned right up to the edge of the blacktop," and his testimony with regard to having paved that portion of the right-of-way in front of his place and having used it, has to do with matters occurring after plaintiffs acquired the property in 1947 and long after the dedication above referred to.

When we consider the description in the deed to the Varallos and its reference to the plats, Exhibits 3(i) and 3(h), together with the fact that when the Varallos in 1947 constructed the first building on the property, the contractor filed an application for a building permit wherein the diagram sets out that the front of the building was twenty-five feet from the front property line, and another application to build a restaurant on the same lot, filed in 1949 (Exhibit No. 44), sets out that it was built thirty feet from the front property line, all indicate that when these buildings were constructed, the parties were all well aware that the right-of-way of Craighead Street was sixty feet in width.

We think the record unmistakably shows a dedication of a sixty foot right-of-way and that the references in the chain of title of plaintiffs' predecessors, as well as in their own deed show this sixty foot right-of-way. These facts and the long continued use of Craighead Street, all render the position of the plaintiffs untenable.

One other matter that needs to be noted is that, by amendment, plaintiffs claim the land in question by adverse possession, but reference to the authorities clearly shows that such contention cannot be maintained.

For instance, in Mayor, etc. v. Howard, 1 Tenn. Cases (Shannon) 68, it was held that, where a dedication is made, it cannot be lost or forfeited by mere non-user by the public and is not subject to adverse possession, since the Statute of Limitations will not run against the City as to public rights.

In City of Knoxville v. Gervin, 169 Tenn. 532, 539, 89 S.W.2d 348, 351, it is said:

"The authorities are generally agreed that the title to public streets which have not been abandoned cannot be acquired by adverse possession and that in asserting title to public property a municipality is acting as a governmental agency of the state."

For the reasons hereinabove enumerated, while this Court is sympathetic with the position of the plaintiffs herein, nevertheless, we find it necessary to sustain the assignment of error and reverse the judgment of the Trial Court and dismiss the cause at plaintiffs' cost.

Reversed and dismissed.

PURYEAR and TODD, JJ., concur.